UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 32BJ

          Plaintiff,

v.

BRIGHT LIGHT SECURITY SERVICES, LLC,

          Defendant.
_____/

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

CASE NO.:

## INTRODUCTION

1. This action seeks to confirm and enforce an arbitration award ("the Award") issued on June 22, 2023 by Arbitrator Amy L. Sergent in proceedings under a Memorandum of Understanding that creates obligations in the case of a successor employer taking over business from a predecessor employer that was party to a collective bargaining agreement with a labor union. Arbitration Award attached hereto as "Exhibit A."

## JURISDICTION AND VENUE

2. This Court has jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, under the Federal Arbitration Act, 9 U.S.C. § 9, and under 28 U.S.C. § 1331.

3. Venue is proper in this District because Defendant Bright Light Security Services, LLC resides in this District.

## PARTIES

4. Plaintiff Service Employees International Union, Local 32BJ ("Local 32BJ"), is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5), that represents security guards in the greater Miami metropolitan area.

1

5. Defendant Bright Light Security Services, LLC ("Bright Light") is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2).

## CAUSE OF ACTION

6. SEIU Local 32BJ and Defendant Bright Light are parties to a Memorandum of Understanding ("MOU") in effect from July 29, 2022 through December 31, 2023.

7. The MOU provides for arbitration of disputes arising between the parties as to the meaning or application of the MOU.

8. On or about February 1, 2023, Defendant Bright Light began succeeding Allied Universal Security Services ("Allied") as the security contractor at certain Broward County transit facilities ("Transit Facilities"). Defendant Bright Light completed its succession of Allied as the security contractor at the Transit Facilities on or about March 15, 2023.

9. At the time Defendant Bright Light succeeded Allied as the security contractor at the Transit Facilities, Local 32BJ and Allied were parties to a collective bargaining agreement ("CBA"), in effect from January 1, 2022 through December 31, 2024, covering security guards employed by Allied working at the Transit Facilities.

10. Paragraph 4 of the MOU provides that when a signatory security contractor takes over an account covered by a collective bargaining agreement with Local 32BJ, the contractor shall offer to hire the incumbent employees and assume the collective bargaining agreement.

11. Following its succession of Allied as the security contractor at the Transit Facilities, Defendant Bright Light failed and refused to assume the CBA.

12. On March 2, 2023, Local 32BJ filed for arbitration under the dispute resolution clause of the MOU.

13. On June 7, 2023, a hearing was held before Arbitrator Amy L. Sergent.

14. On June 22, 2023, Arbitrator Sergent issued an Award finding that Defendant Bright Light violated the MOU by failing to assume the CBA and ordering Defendant Bright Light to, retroactively from February 1, 2023, assume the CBA, make retroactive wage payments and health fund contributions owed pursuant to the CBA, and reimburse employees for any out-of-pocket medical expenses.

15. To date, Defendant Bright Light has failed and refused to comply with the Award.

16. The Award is procedurally and substantively valid under the standards of federal labor arbitration law.

17. Defendant has waived any objections to the validity of the Award.

18. Defendant's failure to comply with the Award is in bad faith, without justification, and for purposes of delay.

19. Without this Court's order enforcing and confirming the Award, Defendant will continue to refuse to comply with the Award.

THEREFORE, Plaintiff requests the following relief:

1. An order of this Court confirming and enforcing the labor arbitration award issued on June 22, 2023 by Arbitrator Amy L. Sergent;

2. An order requiring Defendant to pay prejudgment interest at an annual rate of 9% on any payments owed from the date of Arbitrator Amy L. Sergent's arbitration award;

3.      That Plaintiff recover its costs and reasonable attorneys' fees as a result of Defendant's unjustified and bad faith refusal to comply with the labor arbitration award issued on June 22, 2023 by Arbitrator Amy L. Sergent; and

4.      Such other and further relief as the Court deems just and proper.

Dated:  November 29, 2023

                            Respectfully submitted,

                            PHILLIPS, RICHARD & RIND, P.A.
                            9360 SW 72 Street, Suite 283
                            Miami, Florida 33173
                            Telephone: (305) 412-8322
                            Facsimile : (305) 412-8299
                            Email: holly@phillipsrichard.com

                            By: */s/ Holly Oliva-Van Horsten*
                                  Holly Oliva-Van Horsten
                                  Florida Bar. No.: 57791

                            Charles Du, Esquire**
                            Associate General Counsel
                            SEIU Local 32BJ
                            25 West 18th Street
                            New York, NY  10011
                            Telephone: (T) 212-388-3375
                            Email: cdu@seiu32bj.org
                            *Attorneys for SEIU, Local 32BJ*

                            (**Pro Hac to be Submitted)